IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY R. HARTZELL, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 13-333E
CAROLYN W. COLVIN, )
ACTING COMMISSIONER )
OF SOCIAL SECURITY, )
)
        Defendant. )

## OPINION

AND NOW, this 2nd day of March, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB and SSI applications on March 9, 2012, alleging disability beginning on March 25, 2011, due to chronic obstructive pulmonary disease, osteoarthritis, degenerative disc disease and a herniated disc. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a video hearing on June 13, 2013, at which plaintiff, who was represented by counsel, appeared and testified. On June 25, 2013, the ALJ issued a decision finding that plaintiff is not disabled.

The Appeals Council denied plaintiff's request for review on September 12, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 50 years old when the ALJ issued his decision, which is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has past relevant work experience as a deli worker, floral designer and server, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of cervical stenosis and spondylosis status post discectomy, decompression and fusion, lumbar degenerative disc disease, diffuse motor/sensory polyneuropathy of the bilateral lower extremities, gastroesophageal reflux disease, chronic obstructive pulmonary disease, asthma and carpal tunnel syndrome status post bilateral release, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work which involves lifting up to 20

AO 72
(Rev. 8/82)

pounds occasionally, lifting and carrying up to 10 pounds frequently, standing or walking approximately 6 hours in an 8 hour workday and sitting approximately 6 hours per workday with normal breaks. In addition, plaintiff must avoid concentrated exposure to irritants such as fumes, odors, dust and gases (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to perform his past relevant work as a deli worker, floral designer and server. In the alternative, the ALJ also found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a cashier, ticket taker and laundry hand folder. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant

AO 72
(Rev. 8/82)

is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly weigh the opinion of his treating orthopaedic physician, Dr. James Macielak. Because the court finds that the ALJ's evaluation of Dr. Macielak's opinion was inadequate, this case must be remanded to the Acting Commissioner for additional development at step 4, and if necessary, step 5, of the sequential evaluation process.[2]

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

[2] Plaintiff also contends that the ALJ assigned too much weight to the opinion of Dr. Juan Mari-Mayans, a non-examining state agency physician who reviewed plaintiff's records in August 2012 and determined that plaintiff is capable of light work, (R. 113-14), primarily because subsequent medical evidence in the file post-dated Dr. Mari-Mayans'

Dr. Macielak completed a medical source statement of plaintiff's ability to perform various physical work-related tasks. Specifically, Dr. Macielak offered his opinion concerning the length of time per day that plaintiff is capable of sitting, standing and walking, the maximum amount of weight he can lift and carry, whether he is capable of using his hands and feet, and whether and how often he is able to perform various postural maneuvers, as well as whether plaintiff can tolerate certain environmental conditions. (R. 595-96). Dr. Macielak also indicated that plaintiff's cervical and lumbar pain is incapacitating and that light level work would increase his pain such that he would not be able to complete work-related tasks. (R. 596-97). Finally, Dr. Macielak concluded that plaintiff "is not capable of sustaining competitive work activity." (R. 597).

The ALJ gave little weight to Dr. Macielak's opinion that

---

review. This argument is without merit.
　　The Regulations specify that state agency medical physicians, such as Dr. Mari-Mayans, "are highly qualified . . . physicians . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §§404.1527(e)(2)(i), 416.927(e)(2)(i). In addition, the Third Circuit has rejected plaintiff's argument that the lapse of time between Dr. Mari-Mayans' review and the subsequent administrative hearing made it inappropriate for the ALJ to rely on the opinion. See Chandler v. Commissioner of Social Security, 667 F.3d 356, 361 (3d Cir. 2011) (recognizing that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it"). It is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings. Id., citing SSR 96-6p. After considering the evidence here, the ALJ gave Dr. Mari-Mayans assessment for light work great weight, but determined that additional environmental restrictions were required. (R. 22). Accordingly, the ALJ did not err in his consideration of Dr. Mari-Mayans' opinion.

plaintiff is incapable of sustaining competitive work activity. (R. 22). According to the ALJ, it was not apparent that Dr. Macielak had any significant understanding of the Social Security Administration's disability programs and their evidentiary requirements, and he noted that ultimate issue of disability is a determination reserved for the Acting Commissioner. (R. 22).

The ALJ was not required to accept Dr. Macielak's conclusion that plaintiff is incapable of sustaining competitive work activity because a treating physician's opinion as to whether a claimant is disabled is an issue reserved to the Acting Commissioner. See 20 C.F.R. §§404.1527(d)(1), 416.927(d)(1) (stating that "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Acting Commissioner] will determine that [the claimant is] disabled.").

Although the ALJ properly could reject Dr. Macielak's opinion on the ultimate issue whether plaintiff is disabled, the ALJ failed to consider and weigh the other opinions Dr. Macielak issued concerning plaintiff's ability to sit, stand, walk, lift, carry, use his hands and feet, perform postural maneuvers and tolerate various environmental conditions. The ALJ did not analyze or discuss Dr. Macielak's assessment and opinion of plaintiff's ability to perform these physical work-related functions, thus the court is left to guess whether he considered Dr. Macielak's opinion on those matters at all, and what weight, if any, he assigned it. This is contrary to the Regulations pronouncement that the ALJ "will always give good reasons" in his

decision for the weight he gives to a claimant's treating source's opinion. See 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2).

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). Where, as here, however, a treating physician's medical opinion is not given controlling weight, the Regulations require the ALJ to apply the following factors to determine the appropriate weight to give the opinion: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the degree to which evidence supports the opinion; the consistency with the record as a whole; specialization of the physician; and any other factors which tend to support or contradict the opinion. See 20 C.F.R. §§404.1527(c)(2)-(6), 416.927(c)(2)-(6). There is no indication in the ALJ's decision that he applied these factors in assessing and weighing Dr. Macielak's opinion generally or specifically regarding plaintiff's capability to perform the physical requirements of work. For this reason, this case must be remanded for further development.

On remand, the ALJ must evaluate and weigh Dr. Macielak's opinion set forth on the medical source statement of plaintiff's ability to perform the various physical requirements of work. (R. 595-96). To the extent the ALJ decides Dr. Macielak's opinion is not entitled to controlling weight, he shall analyze the factors

specified in the Regulations to determine the proper amount of weight to give Dr. Macielak's opinion. If the ALJ determines that Dr. Macielak's opinion supports additional functional limitations, he shall factor them into the assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain additional vocational expert testimony to complete his analysis of plaintiff's case.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Terry A. Toomey, Esq.
Bukac and Toomey
1098 Market Street
Meadville, PA 16335

Christine A. Sanner
Assistant U.S. Attorney
17 South Park Row
Room A330
Erie, PA 16501